UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA A. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) No. 4:14-CV-1239 RLW |
| | ) |
| v. | ) |
| | ) |
| IP NETWORK SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 22). This matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Lisa A. Thompson ("Plaintiff") filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 15, 2013, which was dually filed with the Missouri Commission on Human Rights ("MCHR"). (Second Amended Complaint (hereinafter "Complaint"), ECF No. 21, ¶4). On January 15, 2014, the MCHR issued its Notice of Right to Sue to Plaintiff. (Complaint, ¶5; ECF No. 6-1). On February 11, 2014, the EEOC issued its Notice of Right to Sue Plaintiff.[1] On May 12, 2014, Plaintiff filed an employment discrimination lawsuit against Defendant IP Network Solutions, Inc. ("Defendant") under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§213.010, *et seq.* in the Circuit Court of St. Charles County. On July 10, 2014, Defendant removed this action to federal court based upon diversity jurisdiction pursuant to 28 U.S.C. §1332. On July 18, 2014, Plaintiff moved to amend her Petition and to add a claim under Title VII of the Civil Rights Act of 1964 ("Title

---

[1] This Notice of Right to Sue was also sent to Plaintiff's counsel.

VII"). (ECF No. 7). The Court granted the motion for leave to amend on July 22, 2014. On August 6, 2014, Plaintiff moved for leave to file a Second Amended Complaint to add claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 ("ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 ("ADEA"). (ECF No. 17). The Court granted Plaintiff's motion to file a Second Amended Complaint on August 12, 2014. In her Second Amended Complaint, Plaintiff alleges claims for Violation of Title VII based upon her sex in Count I, Violation of the ADA in Count II, Violation of the ADEA in Count III, Violation of the MHRA in Count IV.

### STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

**DISCUSSION**

I.  **Count IV**

Defendant argues that Plaintiff's MHRA claim is time-barred because it was not filed within 90 days of the MCHR issuing the Notice of Right to Sue. *See Hammond v. Mun. Correction Inst.*, 117 S.W.3d 130, 138 (Mo. Ct. App. 2003). Plaintiff was issued her Notice of Right to Sue by the MCHR on January 15, 2014. *See* ECF No. 6-1. Plaintiff filed her MHRA claim in the Circuit Court of St. Charles County on May 12, 2014—117 days after the right to sue letter was issued. *See* Mo. Rev. Stat. §213.111.1 ("the commission shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint"); *State, ex rel. Martin-Erb v. Missouri Comm'n on Human Rights*, 77 S.W.3d 600, 604 (Mo. 2002)("The complainant must file any civil action against the person or entity allegedly committing the discrimination within 90 days of the date of the MCHR's letter."). Therefore, Defendant claims that Plaintiff's MHRA claim was untimely. (ECF No. 6 at 5).

In response, Plaintiff claims that her MHRA claim is timely because it was filed within 90 days of when she received her Notice of Right to Sue from the EEOC on February 11, 2014. (ECF No. 8 at 2). Plaintiff states the EEOC Notice of Right to Sue is the controlling document, not the MCHR Right to Sue Letter. (ECF No. 8 at 3).

The Court holds that Plaintiff's MHRA claim was untimely filed. Plaintiff admits that she did not file suit within 90 days of receiving her right to sue letter from the MHRA. Instead, Plaintiff asserts that filing her MHRA claim 90 days from receiving her EEOC Notice of Right to Sue is sufficient. It is not. According to the plain language of the statute, and in accordance with legal precedent, a MHRA claim must be filed within 90 days of receiving a Notice of Right to

Sue from the MCHR. *See* Mo. Rev. Stat. §213.111.1; *Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1001 (8th Cir. 2013)(Nebraska state law claim was untimely because the Nebraska Equal Opportunity Commission's "last action triggers the running of the statute of limitations, not an EEOC action"); *Muth v. Cobro Corp.*, 895 F. Supp. 254, 256 (E.D. Mo. 1995)(no legal basis for plaintiff's argument that "the ninety (90) day limitation runs equally from either the EEOC or the MCHR 'Right-to-Sue' letter" and holding plaintiff's EEOC claim was untimely); *Macon v. Cedarcroft Health Servs., Inc.*, No. 4:12-CV-1481 CAS, 2013 WL 1283865, at *5 (E.D. Mo. Mar. 27, 2013)(same). Plaintiff's MHRA claim is untimely and is dismissed.

## II. Counts I, II and III

In the Motion to Dismiss, Defendant contends that Plaintiff's federal claims were not timely filed. (ECF No. 23 at 4-5). Defendant notes that the MCHR issued its Notice of Right to Sue to Plaintiff on January 15, 2014. The MCHR Notice of Right to Sue provides that Plaintiff must bring her action under the MHRA "**WITHIN 90 DAYS OF THE DATE OF THIS NOTICE**" or "**[HER] RIGHT TO SUE IS LOST**." (ECF No. 6-1 (emphasis in original)). The EEOC issued a Notice of Right to Sue to Plaintiff on February 11, 2014, which provided that "[her] lawsuit under Title VII [or] the ADA … **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this [N]otice**, or your right to sue based on this charge will be lost" and that her lawsuit "under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost." (ECF No. 8-1)(emphasis in original). Defendant argues that Plaintiff's federal claims under Title VII, the ADA, and the ADEA were untimely because the EEOC issued the Notice of Right to sue on February 11, 2014, but she did not move to add any federal claim until July 18, 2014 (Title VII) and August 12, 2014 (ADA and ADEA), which were

much more than 90 days after Plaintiff received the Notice of Right to Sue from the EEOC. *See Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 862 (S.D. Iowa 2007)("The document is presumed received three days after mailing."); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1 (1984) (citing Fed.R.Civ.P. 6(e) and finding that a notice of right-to-sue issued on January 27 was presumed to have been received January 30, 1981). Defendant further argues that an amended complaint alleging untimely federal claims cannot relate back to a complaint alleging untimely state law claims, even if the federal claims would have been timely filed if included in the original complaint. (ECF No. 25 at 3). Defendant argues that the amended complaints, which allege federal claims under Title VII, ADA, and ADEA, are untimely because Plaintiff's MHRA untimely claim was a "nullity," which did not toll the statute of limitations for Plaintiff's federal claims. (ECF No. 25 at 3 (citing *Henderson v. Boloanda*, 253 F.3d 928, 932 (7th Cir. 2001)). As noted by Defendant, the Seventh Circuit has held that "[a]n amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations." *Henderson*, 253 F.3d at 931 (quoting 51 Am.Jur.2d *Limitation of Actions* § 263 (2000)); *but see Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402 (1989) *aff'd*, 494 U.S. 820, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990) (holding that plaintiff's amended complaint "clearly relates back to the date of the original complaint," which alleged only a claim under the Illinois Human Rights Act ("IHRA") even though plaintiff's claim under the IHRA was dismissed with prejudice).[2] In *Henderson*, the Seventh Circuit held that "even though [the amended complaint] was based on the same conduct as that set forth in the original complaint, [plaintiff's] amended complaint [could] not relate back to the date the original complaint was filed." *Henderson*, 253 F.3d at 931. That is, "[t]he prior

---

[2] Defendant has not identified Eighth Circuit precedent relevant to this issue.

complaint, having been itself filed after the expiration of the one-year statute of limitations for the claims which it contained, was a nullity." *Henderson*, 253 F.3d at 932 (affirming the dismissal of the complaint by the trial court).[3]

In response, Plaintiff maintains that her federal claims under Title VII, the ADA, and the ADEA should "relate back" to the filing of her original Petition in the Circuit Court of St. Charles County on May 12, 2014. (ECF No. 24 at 2-3). Fed.R.Civ.P. 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Plaintiff asserts that the facts underlying Plaintiff's claims in the Second Amended Complaint under Title VII, the ADA, the ADEA and Plaintiff's MHRA claim in the original Petition are the same because Plaintiff alleges that "Defendant IP discriminated against her on the basis of her age, her disability, and her sex." (ECF No. 24 at 3). Plaintiff states that Defendant was "on notice of all the potential relevant issues in the lawsuit within the statute of limitations outlined by the EEOC" and Defendant suffers no prejudice by allowing the claims in the Second Amended Complaint to relate back to the date the Petition was filed in state court on May 12, 2014, "which was within EEOC's statute

---

[3] Other courts, however, have been critical of this reading of Fed.R.Civ.P. 15(c). For example, a Northern District of Illinois district court noted that:

> It is arguable that the fact that these original complaints were facially time-barred does not undermine the extent to which they satisfy the requirements of Rule 15(c). The notice provided by the facts they alleged was no less clear, and the date by which the notice was provided was no less timely.

*Snyder v. Vill. of Midlothian*, No. 14 C 2357, 2014 WL 3882547, at *5 (N.D. Ill. Aug. 7, 2014).

of limitations window of 90 days, from the receipt of the EEOC notice of right to sue." (ECF No. 24 at 3-4).

The Court holds that Plaintiff's claims in Counts I, II, and III are timely because the amended complaints relate back to the filing of Plaintiff's MHRA claim in the Petition. As held by the Seventh Circuit:

> Under Federal Rule of Civil Procedure 15(c), an amended complaint relates back to the date of the original pleading "whenever the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth ... in the original pleading." … [T]he same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same "conduct, transaction or occurrence." Because the Title VII and IHRA claims are based upon identical facts and circumstances, plaintiff's amended complaint clearly relates back to the date of the original complaint.

*Donnelly*, 874 F.2d at 410; *see also McKenzie v. Lunds, Inc.*, 63 F. Supp. 2d 986, 999 (D. Minn. 1999)(recognizing that relation back is permitted of amendments that change the legal theory of the action). "'The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir. 1999)(quoting *In re Bellanca Aircraft Corp.,* 850 F.2d 1275, 1283 (8th Cir. 1988), quoting in turn *Baldwin County Welcome Center,* 466 U.S. at 150 n. 3). "The determination of whether an amended pleading should be allowed and whether it relates back to the date of the original pleading are matters within the sound discretion of the trial court." *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000).

The Court looks to Eighth Circuit precedent to determine whether Plaintiff's federal claims relate back to the date of the filing of the Petition in St. Charles County Circuit Court. The Eighth Circuit states that "[s]ince the purpose of Rule 15(c) is to permit cases to be decided on their merits, … it has been liberally construed." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525,

1543 (8th Cir. 1996). As in *Donnelly*, the Court finds that the allegations in the original Petition were sufficient to provide Rule 15(c) notice to Defendant and that the original Petition was filed within the limitations period prescribed by EEOC's right to sue letter. Liberally construing Rule 15(c) to permit substantive adjudication of Plaintiff's claims, the Court holds that Plaintiff's First and Second Amended Complaints relate back to the filing of the original Petition and are timely under Rule 15.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts I, II, III, and IV [ECF No. 22] is **GRANTED**, in part, and **DENIED**, in part. Count IV under the Missouri Human Rights Act is **DISMISSED**.

Dated this 5th day of November, 2014.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**